[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION FOR ATTORNEY FEES
In this post-trial motion, the plaintiff seeks to recover attorney fees and expenses incurred in prosecuting her successful appeal of a decision of the defendant commissioner of human resources. The plaintiff's motion is based on the provisions of General Statutes § 4-184a. The court finds the issues in favor of the defendant commissioner.
The facts necessary to the court's decision on the plaintiff's motion are undisputed and fully set out in this court's earlier decision and the decision of the Supreme Court. See the decision of this court, filed December 8, 1994 and the decision of the Supreme Court, 237 Conn. 272 (1996).
In summary, the defendant commissioner, after a hearing, revoked the plaintiff's registration to operate a family day care home. The commissioner acted on the basis of the hearing officer's finding that the plaintiff had engaged in abusive treatment of day care children in violation of Regs. Conn. State Agencies § 17-31q-19 (h)(2) and (3), and, separately, that there existed a DCYS report confirming abuse and inappropriate supervision, citing Regs Conn. State Agencies § 17-31q-15 (i) (2). The hearing officer's findings were primarily based on the testimony of a Manchester police officer and a social worker employed by DCYS, both of whom had investigated a complaint brought by a parent of children in the plaintiff's care.
The plaintiff appealed the commissioner's decision to this court. This court dismissed the appeal, finding that the testimony of the police officer and the DCYS social worker were admissible and constituted substantial evidence, sufficient to support the hearing officer's factual findings.
The plaintiff appealed this court's decision to the Supreme Court, which reversed the decision of this court. In its decision, the Supreme Court held that the evidence in the administrative record was not substantial because it "failed to disclose the factual particulars regarding inappropriate conduct that had occurred at the plaintiff's family day care home." Rather, the court held, the relevant testimony consisted only of "conclusory and general statements." Dolgner v. Alander, supra,237 Conn. 282. The Supreme Court also held that Regs. Conn. State Agencies § 17-31q-15 (i)(2) does not provide a legal basis for revocation of a registration but only allows the commissioner to "propose to revoke a registration." Id., 283. CT Page 8355
General Statutes § 4-184a(b) provides that this court "may, in its discretion, award to the prevailing party . . . reasonable fees and expenses in addition to other costs if the court determines that the action of the agency was undertaken without any substantial justification." There is no question that the plaintiff is the "prevailing party" in the administrative appeal. In deciding whether to award fees and expenses pursuant to the statute, therefore, the critical issue is whether the action of the defendant commissioner in revoking the plaintiff's registration was "undertaken without any substantial justification."
In Labenski v. Goldberg, 41 Conn. App. 866 (1996), the plaintiff had appealed the suspension of her driver's license by the commissioner of motor vehicles. She prevailed in that appeal, the Appellate Court concluding that the evidence supporting the agency's findings was "hearsay that lacked sufficient trustworthiness to be considered substantial evidence." Id., 870. The evidence in question was that the plaintiff suffered from seizures poorly controlled by medication and that she had been warned by her doctor not to drive. Although the Appellate Court held that evidence to be legally insufficient to support the agency's decision, it nevertheless affirmed the trial court's denial of the plaintiff's subsequent request for fees and expenses under § 4-184a. The court held that the "`substantial evidence' standard . . . is not synonymous with the `substantial justification' language used in § 4-184a(b)." Id., 872. Rather, the court noted with approval the definition adopted by the U.S. Supreme Court of the phrase "substantially justified" as meaning "justified to a degree that could satisfy a reasonable person" or as having "a reasonable basis both in law and fact." Id., 872, citing Pierce v. Underwood, 487 U.S. 522,565 (1988).
The Appellate Court in Labenski went on to hold that, even if the evidence was hearsay and not trustworthy, "the information contained therein provided the hearing officer with substantial justification for suspending the plaintiff's license . . . ." Id., 873. The Appellate Court noted that the hearing officer's "overriding concern . . . was to protect the plaintiff as well as the public." Id.
In the present case, the hearing officer had as evidence the testimony of a police officer and a social worker, both trained CT Page 8356 in the investigation of child abuse and both acting in their official capacities for public agencies responsible for investigating such abuse. These witnesses testified that they had interviewed children who had, in their professional opinion, credibly reported abuse at the plaintiff's licensed day care center. Such abuse would be grounds for revocation of the registration under applicable law. It may reasonably be inferred that a significant factor in the hearing officer's decision was concern for the safety of the children in the plaintiff's care. Although the Supreme Court later determined that the testimony of those witnesses was not sufficiently detailed to qualify as "substantial evidence," this court holds that the testimony did provide the hearing officer with a reasonable basis in law and fact for the decision to revoke the plaintiff's day home care registration.
The court concludes that the hearing officer's decision was not "undertaken without any substantial justification," within the meaning of § 4-184a(b). The plaintiff's motion for fees and expenses pursuant to that statute is, therefore, denied.
MALONEY, J.